UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ATAKAPA INDIAN DE CREOLE NATION | CIVIL ACTION NO. 6:18-cv-00190 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending are the motions to dismiss, which were filed by the State of Louisiana (Rec. Doc. 16) and the United States of America (Rec. Doc. 25). The motions are opposed. (Rec. Docs. 24, 27). The motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motions be GRANTED and the plaintiff's claims be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

### BACKGROUND

This case commenced on February 14, 2018, when the plaintiff, as "trustee of Atakapa Indian de Creole Nation," filed a "Petition for the Great Writ of Habeas

Corpus ad Subjiciendum" (the "Petition").[1] The Petition purports to present issues of law arising under the "Common Civil Law of England, United States Constitution, Article I, Section 9; 28 U.S.C.A. §[§] 2241-2243; Louisiana Constitution Article I, Section 21."[2] The Petition alleges that neither the State of Louisiana nor the United States has ever acknowledged the Atakapa Indian de Creole Nation (the "Atakapas") as an indigenous nation to Louisiana, despite the United States having taken possession of the Atakapas' historical trading posts in present day St. Martinville, Opelousas, New Iberia, Lafayette, and Lake Charles, Louisiana, such that the Atakapas "are being held as wards of the State through the Louisiana Governor's Office of Indian Affairs . . . [a]nd in pupilage under [the] United States[.]"[3]

The Petition sets forth the Atakapas' alleged history, potentially dating back to 1528, by referencing various treaties, oral history, texts and online sources.[4] The plaintiff claims that he is descended "from the East Atakapa Nation and Jupiter, Chief Captain of the Western Atakapa Indian Nation[.]"[5] The plaintiff further claims that the Atakapas have been granted United States citizenship and that their status as United States citizens "impairs and deprives [them] from exercising their rights to

---

[1] Rec. Doc. 1. The petition states that the plaintiff is trustee of "an express trust established in accordance with the October 27, 1795 Treaty of Friendship, Limit and Navigation Between the Catholic Majesty of Spain individually and on behalf of the Atakapa Indian de Creole Nation and The United States; otherwise known to the Atakapa Indian de Creole Nation as Pactum De Singularis Caelum, the Covenant of One Heaven[.]" Rec. Doc. 1, p. 1.
[2] Rec. Doc. 1, p. 2, ¶ 1.
[3] Rec. Doc. 1, p. 3, ¶ 2; p. 11, ¶ 25; p. 14, ¶ 32.
[4] Rec. Doc. 1, pp. 5-10.
[5] Rec. Doc. 1, p. 10, ¶ 23.

their tribal or other property."[6] Through the Petition, the plaintiff seeks a writ of habeas corpus, to change the Atakapas' status from "wards of the state" or "pupilage under the Federal Government Guardianship" to formal recognition of the Atakapas as indigenous to Louisiana, and asks that the writ be retroactive, presumably to the date of the referenced treaty of 1800.[7]

One week after the Petition was filed, on February 21, 2018, the Clerk of Court issued a deficiency notice to the plaintiff, advising a filing fee was owed due to the "reclassification" of this matter as a declaratory judgment action.[8] In response, on March 5, 2018, the plaintiff filed an amended complaint, styled as an "Opposition to Reclassification of Petition for the Great Writ of Habeas Corpus Ad Subjiciendum to Petition for Declaratory Judgment and Plea of Jurisdiction."[9] The amended complaint is 134 pages, with attachments consisting of a declaration of rights on behalf of the Atakapas, a photocopy of the Dictionary of the Atakapa Language, an index of online resources, and excerpts of text from various treaties.[10] In the amended complaint, the plaintiff claims to have instituted this suit pursuant to this Court's admiralty and maritime jurisdiction, because "[a]n allotment of tribal land includes a just share of tribal water rights[.]"[11] The plaintiff repeats his request for a

---

[6] Rec. Doc. 1, p. 11, ¶ 25.
[7] Rec. Doc. 1, p. 18.
[8] Rec. Doc. 4.
[9] Rec. Doc. 5.
[10] Rec. Docs. 5, pp. 134-148; 5-1; and 5-2.
[11] Rec. Doc. 5, pp. 13-16.

writ of habeas corpus and further seeks "a declaration of rights for an independent sovereign nation doing commercial business with the United States as the Lessee of Atakapa tribal land formally known as New Spain."[12]

The State of Louisiana has filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), (3), (5) and (6), asserting the defenses of lack of subject matter jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted, respectively.[13] The United States has also filed a motion to dismiss, pursuant to Rule 12(b)(1), asserting lack of subject matter jurisdiction, or alternatively, Rule 12(b)(6), for failure to state a claim upon which relief can be granted.[14] Because this Court agrees that it lacks subject matter jurisdiction, it addresses only the arguments arising under Rule 12(b)(1), and recommends dismissal pursuant thereto.

## LAW AND ANALYSIS

### I. THE STANDARD FOR RESOLVING A RULE 12(B)(1) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss claims for which the court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or

---

[12] Rec. Doc. 5, pp. 133-34.
[13] Rec. Docs. 16, 21.
[14] Rec. Doc. 25.

constitutional power to adjudicate the case."[15] The plaintiff has the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction.[16] A lack of subject matter jurisdiction may be found based on the content of the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[17] However, in resolving a motion to dismiss for lack of subject-matter jurisdiction, the court must accept all factual allegations in the plaintiff's complaint as true.[18]

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION

As mentioned, the plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss.[19] While both the Petition and amended complaint are difficult to follow, it appears that the plaintiff has attempted to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 2241, by which he seeks a writ of habeas corpus, and 46 U.S.C. § 30903, by which he claims that this action involves tribal water rights, such that it falls under this Court's admiralty and maritime jurisdiction. For the reasons that follow, the plaintiff has failed to establish jurisdiction.

---

[15] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).
[16] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014).
[17] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[18] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).
[19] *Paterson*, 644 F.2d at 523; *Alabama-Coushatta Tribe,* 757 F.3d at 487.

Title 28 U.S.C. § 2241 "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States."[20] The Supreme Court has recognized that physical detention is no longer required for a petitioner to meet the custody requirement and obtain habeas relief; however, there must be some restriction on liberty.[21] Here, the plaintiff alleges that he and the Atakapas are "wards of the state" of Louisiana, and are in "pupilage under the Federal Government Guardianship;" however, he has failed to assert a claim that he is in custody or otherwise restrained such that he might be entitled to habeas relief.

The plaintiff also seems to assert that this action is brought pursuant to the Court's admiralty and maritime jurisdiction. "Admiralty jurisdiction is determined by a two part test of (1) location and (2) connection with maritime activity."[22] The plaintiff's amended complaint references 46 U.S.C. § 30903, and conclusorily asserts that this case gives rise to admiralty jurisdiction, because "[a]n allotment of

---

[20] *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005) ("An individual may seek habeas relief under § 2241 if he is 'in custody' under federal authority or for violation of federal law.")

[21] *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004) ("[O]ur understanding of custody has broadened to include restraints short of physical confinement[.]"); *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963) (restraints on liberty other than physical confinement may constitute custody for habeas purposes); *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003) (prisoners are not "in custody" for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them).

[22] *Texaco Expl. & Prod., Inc. v. AmClyde Engineered Prod. Co.*, 448 F.3d 760, 770 (5th Cir. 2006), *amended on reh'g*, 453 F.3d 652 (5th Cir. 2006) (citing *Sisson v. Ruby*, 497 U.S. 358, 363 (1990)).

tribal land includes a just share of tribal water rights[.]"[23] The plaintiff "claims as his inheritance," "the land adjacent to the water ways [sic] along the Mississippi River to Canada and along the Gulf of Mexico to the oceans from present day Texas through Florida."[24] Aside from merely referencing an admiralty statute and bodies which constitute navigable waters, the plaintiff's amended complaint is void of any facts or allegations which might give rise to this Court's admiralty jurisdiction. Because jurisdiction is defeated where a claim "is wholly insubstantial and frivolous," this Court finds that admiralty jurisdiction does not exist in this case.[25]

Furthermore, as pointed out by the United States, the plaintiff's assertion of tribal water rights appears to be part of his larger claim that the Atakapas have not been acknowledged by the State of Louisiana or the United States as an indigenous nation to Louisiana. As the Ninth Circuit has explained, "[f]ederal recognition 'is a formal political act confirming the tribe's existence as a distinct political society, and institutionalizing the government-to-government relationship between the tribe and the federal government.'"[26] The Bureau of Indian Affairs, within the United States Department of the Interior, "has the authority to determine which tribes satisfy the criteria for federal recognition."[27] The federal recognition process is outlined in

---

[23] Rec. Doc. 5, pp. 13-16.
[24] Rec. Doc. 5, p. 15.
[25] *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (internal citations omitted).
[26] *United States v. Zepeda*, 792 F.3d 1103, 1114 (9th Cir. 2015) (internal citation omitted).
[27] *Id*.

25 C.F.R. §§ 83.1, *et seq.*, pursuant to which a tribe's final determination is made by the Assistant Secretary-Indian Affairs "and is a final agency action under the Administrative Procedure Act (5 U.S.C. § 704)."[28] The plaintiff has failed to exhaust his administrative remedies or show any final agency action. "If there is no 'final agency action,' . . . a court lacks subject matter jurisdiction."[29]

Moreover, neither defendant has waived sovereign immunity. "Sovereign immunity is jurisdictional."[30] "The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts . . . [and] bars suits for both money damages and injunctive relief unless the state has waived its immunity."[31] "By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts."[32]

Likewise, the United States asserts that it has not waived sovereign immunity, such that any request for declaratory or injunctive relief may not proceed.[33] "It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define

---

[28] 25 C.F.R. § 83.44.
[29] *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999); *see also Bennett v. Spear*, 520 U.S. 154 (1997).
[30] *Cozzo v. Tangipahoa Par. Council--President Government*, 279 F.3d 273, 280 (5th Cir. 2002) (citing *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998)).
[31] *Id*. at 280-81 (citing *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001)).
[32] *Id*. at 281 (citing La. Rev. Stat. § 13:5106(A)).
[33] Rec. Doc. 25-1, pp. 5-6.

that court's jurisdiction to entertain the suit."[34] Further, "[w]here the United States has not consented to suit or the plaintiff has not met the terms of the statute the court lacks jurisdiction and the action must be dismissed."[35] The plaintiff has failed to identify the United States' express consent to be sued, or express waiver of immunity; therefore, this action must be dismissed.

As stated, both Louisiana and the United States assert that this action is also subject to dismissal pursuant to other sections of Rule 12.[36] However, where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[37] Indeed, "[f]or a court to pronounce upon [the merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."[38] "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."[39] Accordingly, this Court recommends dismissal for lack of subject matter jurisdiction and pretermits analysis of any alternative bases for dismissal.

---

[34] *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.").

[35] *Id.* at 266 (citation omitted).

[36] Rec. Doc. 16 (Louisiana also moves for dismissal pursuant to Rule 12(b)(3), (5) and (6)); Rec. Doc. 25-1 (United States moves alternatively for Rule 12(b)(6) dismissal).

[37] *Ramming*, 281 F.3d at 161; *Alabama-Coushatta Tribe,* 757 F.3d at 487.

[38] *Steel Co.*, 523 U.S. at 101–02.

[39] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## CONCLUSION

For the foregoing reasons, this Court recommends that the motions to dismiss for lack of subject matter jurisdiction (Rec. Docs. 16, 25) be GRANTED and further recommends that the plaintiff's claims be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[40]

Signed at Lafayette, Louisiana on July 23rd, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[40] *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).