# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

ATAKAPA INDIAN DE CREOLE NATION          CIVIL ACTION NO. 18-0190

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

STATE OF LOUISIANA                        MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Before the Court is Plaintiff Atakapa Indian de Creole Nation's ("Plaintiff") Motion for Temporary Restraining Order ("TRO") against the State of Louisiana and the United States of America, the defendants in this matter ("Defendants"). See Record Document 52 (subsequently corrected by Record Document 54). Plaintiff seeks a TRO to prohibit Defendants from committing a variety of actions, many of which are unclear to the Court from the motion, including, *inter alia*, "engaging in antitrust violations and monopolization of domestic, international and intergalactic commercial markets," illegally detaining "petitioner and his [tribal] people as wards[] [or] pupils of the federal and state government," and from subjecting Plaintiff to further injury "caused by the United States['] voluntary unnecessary government shut down." See id. at 4, 10, 11.

A TRO is a form of equitable injunctive relief that preserves the status quo of the parties until there is an opportunity to hold a full hearing on an application for a preliminary injunction. See Fed. R. Civ. P. 65(b). "[A] court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why

it should not be required." Id. 65(b)(1). In order to obtain a TRO, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." Harris v. Monroe City Sch. Bd., No. 12-2180, 2012 WL 3548056, at *3 (W.D. La. Aug. 16, 2012) (quoting Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991)). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." Allied Marketing Group, Inc. v. CDL Marketing, Inc., 878 F.2d 806, 809 (5th Cir. 1989).

In this case, the Court first notes that a final judgment was entered on August 27, 2018 and this case is closed. See Record Document 37.[1] Moreover, the Court need not address whether Plaintiff has established all of the foregoing factors for temporary injunctive relief because the Court finds that Plaintiff has clearly failed to satisfy the first factor. Plaintiff has no likelihood of success on the merits because the Court has already adopted the previously rendered Report and Recommendation by Magistrate Judge Hanna in this case dismissing Plaintiff's claims for lack of subject-matter jurisdiction on the ground that Defendants have not waived sovereign immunity in this case. See Record Document 30 at 9. Plaintiff has presented no new arguments or legal authority to evidence a waiver of sovereign immunity by any defendant. Thus, Plaintiff cannot hope to succeed on its TRO against these same defendants. See id.; see also Arbaugh v. Y & H Corp.,

---

[1] There are currently motions to amend (Record Documents 38 and 50) and to reconsider (Record Document 39) pending. Rulings on those motions will issue in due course.

546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Plaintiff's motion is therefore **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 11th day of January, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT