**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ATAKAPA INDIAN DE CREOLE NATION | CIVIL ACTION NO. 18-0190 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Before the Court is Plaintiff Atakapa Indian de Creole Nation's ("Plaintiff") Motion for Leave to File Second Amended and Supplemental Complaint (Record Document 38), Motion for Leave to File Third Amended and Supplemental Complaint (Record Document 50), and Motion for Reconsideration (Record Document 39). Defendants State of Louisiana and the United States ("Defendants") oppose the motions. See Record Document 42. For the reasons set forth below, all of Plaintiff's motions are **DENIED**.

The Court first notes that a final judgment was entered on August 27, 2018 and this case is closed. See Record Document 37. In addition, this Court denied Plaintiff's Motion for Temporary Restraining Order ("TRO") on January 11, 2019, which Plaintiff subsequently appealed. See Record Documents 55 and 57. In its ruling denying Plaintiff's TRO, the Court stated that Plaintiff had no likelihood of success on the merits because the Court had already adopted the previously rendered Report and Recommendation by Magistrate Judge Hanna, which dismissed Plaintiff's claims for lack of subject-matter jurisdiction on the ground that Defendants have not waived sovereign immunity in this case. See Record Document 55 at 2. Furthermore, as in its TRO motion, Plaintiff has not presented any new argument or legal authority in its motions to evidence a waiver of

sovereign immunity by any defendant in order to warrant a different outcome as to the instant motions. See id.

First, the Court rejects any attempt by Plaintiff to amend or supplement its complaint because the Court finds that any such attempt would be futile. Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, but in all other cases a party can only amend its pleading with either the consent of the opposing party or with leave of the court. See Fed. R. Civ. P. 15(a). Generally, the court is directed to grant leave to amend "when justice so requires," but may consider several factors when denying such leave, including futility. See, e.g., Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014). The Fifth Circuit holds that when futility is the basis for denial of leave to amend, the court uses the Rule 12(b)(6) plausibility standard to evaluate the sufficiency of the proposed amended complaint. See Adhikari v. Kellogg Brown & Root, Inc., 845 F.3d 184, 199–200 (5th Cir. 2017); see also Connor v. Castro, 719 F. App'x 376, 380 (5th Cir. 2018) (denying supplementation because the supplemented allegations would not state a claim under section 1983).

Here, as stated above, Plaintiff's proposed amendments to its pleading offer no additional bases for relief on its claims when it remains clear that neither defendant has waived sovereign immunity. Because nothing in Plaintiff's proposed pleadings is remotely sufficient to change the Court's earlier finding that it lacks subject-matter jurisdiction in this matter, Plaintiff's proposed pleadings would fail as a matter of law and thus must be denied. Accordingly, Plaintiff's Motion for Leave to File Second Amended and

Supplemental Complaint (Record Document 38) and Motion for Leave to File Third Amended and Supplemental Complaint (Record Document 50) are hereby **DENIED**.

Regarding Plaintiff's Motion for Reconsideration (Record Document 39), it is not clear to the Court whether Plaintiff is requesting a motion for reconsideration or a motion for new trial. See Record Document 39 at 1. Generally, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such motions. S. Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Regardless of whether Plaintiff seeks relief under Rule 59 or Rule 60, however, the Court denies Plaintiff's requested relief for the same reasons it denies Plaintiff's motions to amend because the motion does not present any new arguments or evidence that either defendant has waived sovereign immunity. Because the Court lacks subject-matter jurisdiction in this case, Plaintiff's Motion for Reconsideration (Record Document 39) is **DENIED**.

Lastly, the Court finds that the filings of Plaintiff's counsel in this matter constitute potential violations under Federal Rule of Civil Procedure 11 that would require an imposition of sanctions by this Court on Plaintiff's counsel. Thus, in accordance with Rule 11(c)(3), the Court will issue herewith a "show cause order" separate from the instant Memorandum Ruling ordering Plaintiff's counsel to show cause why his conduct described in the order has not violated Rule 11(b). See, e.g., Marlin v. Moody Nat. Bank, N.A., 533 F.3d 374, 379 (5th Cir. 2008).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint (Record Document 38) and Motion for Leave to File Third Amended and Supplemental Complaint (Record Document 50) are **DENIED**. Additionally, Plaintiff's Motion for Reconsideration (Record Document 39) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of January, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT