**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ATAKAPA INDIAN DE CREOLE NATION | CIVIL ACTION NO. 18-0190 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HANNA |

**MEMORANDUM ORDER**

The Court finds that the filings of Plaintiff's counsel in this matter constitute potential violations under Federal Rule of Civil Procedure 11 that would require[1] an imposition of sanctions by this Court on Plaintiff's counsel. Thus, in accordance with Rule 11(c)(3), the Court issues the instant "show cause order" ordering Plaintiff's counsel to show cause why his conduct described below in this order has not violated Rule 11(b). See, e.g., Marlin v. Moody Nat. Bank, N.A., 533 F.3d 374, 379 (5th Cir. 2008).[2]

The Court first notes that a final judgment was entered on August 27, 2018 and this case is closed. See Record Document 37. In addition, this Court denied Plaintiff's Motion for Temporary Restraining Order ("TRO") on January 11, 2019, which Plaintiff subsequently appealed. See Record Documents 55 and 57. The Court also denied Plaintiff's remaining claims on January 29, 2019. See Record Document 59.

---

[1] See Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 876 (5th Cir. 1988) ("There are no longer any 'free passes' for attorneys and litigants who violate Rule 11. Once a violation of Rule 11 is established, the rule mandates the application of sanctions.").

[2] At the outset, the Court rejects any due process argument that may be advanced by Plaintiff in the future. "The requirement of an opportunity to be heard . . . does not require an elaborate or formal hearing. Simply giving the individual accused of a Rule 11 violation a chance to respond through the submission of a brief is usually all that due process requires." Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1027 (5th Cir. 1994).

Rule 11(c)(1) provides that sanctions may be imposed by the Court on "any attorney, law firm, or party that violated the rule or is responsible for the violation." Under Rule 11(b)(2), an attorney is prohibited from filing a "pleading, written motion, or other paper" that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or for establishing new law." Accordingly, "[w]here a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken, Rule 11 sanctions will be imposed." Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN), 654 F. Supp. 943, 954 (N.D. Tex. Jan. 30, 1987) (citation omitted). In determining whether a reasonable inquiry into the law has been made, the Fifth Circuit has listed a set of factors that include: "(1) the time available to the attorney to prepare the document; (2) the plausibility of the legal view contained in the document; (3) the pro se status of a litigant; and (4) the complexity of the legal and factual issues raised." See Thomas, 836 F.2d at 875–76.

In this case, the Court finds that Plaintiff's counsel potentially violated Rule 11(b)(2) when it filed its TRO because many of the claims alleged in the motion appear to be frivolous claims. In the TRO, Plaintiff requested injunctive relief prohibiting the State of Louisiana and the United States of America, the defendants in this matter ("Defendants"), from committing a variety of actions, including, *inter alia*, "engaging in antitrust violations and monopolization of domestic, international and intergalactic commercial markets," illegally detaining "petitioner and his [tribal] people as wards[] [or] pupils of the federal and state government," and from subjecting Plaintiff to further injury "caused by the United States['] voluntary unnecessary government shut down." See Record Document 52

(subsequently corrected by Record Document 54) at 4, 10, 11. First, many of these claims are patently frivolous on their face, specifically the claim that Defendants have "engag[ed] in antitrust violations and monopolization of . . . intergalactic commercial markets." See id. at 4. Surely Plaintiff's counsel, being trained in the law, would have realized after a reasonable inquiry "that there was no legal foundation for the position taken" in making this claim. See Collin County, 654 F. Supp. at 954 (citation omitted). Second, by repeating many of its earlier claims in the TRO, Plaintiff's counsel seemingly ignored this Court's earlier judgment adopting the previously rendered Report and Recommendation by Magistrate Judge Hanna, which dismissed Plaintiff's claims for lack of subject-matter jurisdiction on the ground that Defendants have not waived sovereign immunity in this case. See Record Document 55 at 2. Because Plaintiff's counsel did not present any new argument or legal authority in its TRO to evidence a waiver of sovereign immunity by any defendant in order to warrant a different outcome, Plaintiff's counsel's repeated allegations in its TRO constitute frivolous claims.

Thus, in accordance with Rule 11(c)(3),

**IT IS ORDERED** that Plaintiff's counsel show cause why his conduct described in the instant show cause order has not violated Rule 11(b). Plaintiff's counsel will have until **Tuesday, February 12, 2019** to file a response.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of January, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT