**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ATAKAPA INDIAN DE CREOLE NATION | CIVIL ACTION NO. 18-0190 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HANNA |

**MEMORANDUM ORDER**

The Court finds that the filings of Plaintiff's counsel in this matter constitute violations under Federal Rule of Civil Procedure 11 that warrant[1] an imposition of sanctions by this Court on Plaintiff's counsel. The offending conduct by Plaintiff's counsel and the basis for the Court's sanction are explained in the reasons set forth below.

The Court first notes that a final judgment was entered on August 27, 2018 and, therefore, this case is closed. See Record Document 37. In addition, this Court denied Plaintiff's Motion for Temporary Restraining Order ("TRO") on January 11, 2019, which Plaintiff subsequently appealed. See Record Documents 55 and 57. The Court also denied Plaintiff's remaining claims on January 29, 2019, which Plaintiff also appealed. See Record Documents 59 and 62. On that same date, the Court, in accordance with Rule 11(c)(3), issued a "show cause order" directing Plaintiff's counsel to show cause why his conduct described below did not violate Rule 11(b). See Record Document 60;

---

[1] In a footnote contained in its show cause order issued on January 29, 2019, this Court cited a Fifth Circuit decision which held that Rule 11 mandates the application of sanctions once a violation of Rule 11 is established. See Record Document 60 at 1 n.1 (quoting Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 876 (5th Cir. 1988)). However, this proposition is longer true due to the 1993 amendment to Rule 11 having returned the imposition of sanctions to the discretion of the district judge. See Webb v. LaSalle, 537 Fed. App'x 389, 390 (5th Cir. 2013). Nonetheless, the Court notes that this change does not affect its decision to impose sanctions on Plaintiff's counsel in this case.

see also Marlin v. Moody Nat. Bank, N.A., 533 F.3d 374, 379 (5th Cir. 2008). Plaintiff's counsel filed a response to this show cause order on February 12, 2019. See Record Document 63.

Rule 11(c)(1) provides that sanctions may be imposed by the Court on "any attorney, law firm, or party that violated the rule or is responsible for the violation." Under Rule 11(b)(2), an attorney is prohibited from filing a "pleading, written motion, or other paper" that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or for establishing new law." Accordingly, "[w]here a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken, Rule 11 sanctions will be imposed." Jordaan v. Hall, 275 F. Supp. 2d 778, 787 (N.D. Tex. Aug. 7, 2003) (citation omitted). In determining whether a party has violated Rule 11, courts apply an objective (rather than subjective) standard of reasonableness. See, e.g., Delor v. Intercosmos Media Group, Inc., No. 04-3262, 2006 WL 435997, at *1 (E.D. La. Jan. 13, 2006) (citing Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1024 (5th Cir. 1994)).

In this case, the Court finds that Plaintiff's counsel violated Rule 11(b)(2) when it filed its TRO because many of the claims alleged in the motion are frivolous claims. In the TRO, Plaintiff requested injunctive relief prohibiting the State of Louisiana and the United States of America, the defendants in this matter ("Defendants"), from committing a variety of actions, including, *inter alia*, "engaging in antitrust violations and monopolization of domestic, international and intergalactic commercial markets," illegally detaining "petitioner and his [tribal] people as wards[] [or] pupils of the federal and state government," and from subjecting Plaintiff to further injury "caused by the United States[']

voluntary unnecessary government shut down." See Record Document 52 (subsequently corrected by Record Document 54) at 4, 10, 11. First, many of these claims are patently frivolous on their face, specifically the claim that Defendants have "engag[ed] in antitrust violations and monopolization of . . . intergalactic commercial markets." See id. at 4. Surely Plaintiff's counsel, being trained in the law,[2] would have realized after a reasonable inquiry "that there was no legal foundation for the position taken" in making this claim. See Jordaan, 275 F. Supp. 2d at 787 (citation omitted). Second, by repeating many of its earlier claims in the TRO, Plaintiff's counsel seemingly ignored this Court's earlier judgment adopting the previously rendered Report and Recommendation by Magistrate Judge Hanna, which dismissed Plaintiff's claims for lack of subject-matter jurisdiction on the ground that Defendants have not waived sovereign immunity in this case. See Record Document 55 at 2. Because Plaintiff's counsel did not present any new argument or legal authority in its TRO to evidence a waiver of sovereign immunity by any defendant in order to warrant a different outcome, Plaintiff's counsel's repeated allegations in its TRO constitute frivolous claims.[3] Furthermore, all of the reasons offered by Plaintiff's counsel in his response to the Court's show cause order are meritless and fail to persuade the Court that his filings described in the instant order have not violated Rule 11(b).

In addition, the Court finds that the appropriate sanction to be imposed in this case is for Plaintiff's counsel to pay a monetary penalty to this Court of $2,500.00. The Court

---

[2] See Castillo v. Blanco, No. 07-3386, 2007 WL 4557756, at *3 (E.D. La. Dec. 21, 2007) (stating that one of the factors the court should consider in determining whether to impose a sanction includes "whether the responsible person is trained in the law").

[3] See Fed. R. Civ. P. 11(b)–(c) and advisory committee's note (1993) ("[Rule 11] continues to require litigants to "stop-and-think" before initially making legal or factual contentions [and] . . . emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . .").

also finds that, given the considerable discretion courts hold in imposing sanctions under Rule 11, see Fed. R. Civ. P. 11 and advisory committee's note (1993); Bryant v. Military Department of Mississippi, 597 F.3d 678, 694 (5th Cir. 2010), such penalty is not so excessive to constitute an unreasonable amount in this case. See Delor v. Intercosmos Media Group, Inc., No. 04-3262, 2006 WL 435997, at *2 (E.D. La. Jan. 13, 2006) (imposing on plaintiff, after issuing a show cause order, a monetary sanction in the amount of $50,000 for his actions in maintaining frivolous lawsuit); see also Neustein v. Orbachat, 130 F.R.D. 12, 15–16 (E.D. N.Y. 1990) (imposing monetary sanction of $2,500 on plaintiff's counsel for asserting meritless arguments).

Accordingly, because the Court finds that Plaintiff's counsel in this matter has violated Rule 11 for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's counsel pay a monetary penalty to the court in the amount of $2,500.00. Plaintiff's counsel will have until **Tuesday, March 12, 2019** at **4:00 p.m.** to pay such amount in full to the U.S. District Clerk of Court for the Western District of Louisiana.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of March, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT